United States Courts Southern
District of Texas
FILED
**April 6, 2023**
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § § § § § | CRIMINAL NO.: **4:23-cr-00151** |
| V. | |
| CLIPPER SHIPPING A.S., Defendant. | |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

FACTUAL BACKGROUND

At all times relevant herein,

1.  Defendant Clipper Shipping A.S. owned the Motor Tanker ("M/T") Clipper Saturn ("Vessel"). The M/T CLIPPER SATURN bore the International Maritime Organization identification number 9262962 and was flagged, or registered, in Norway.

The M/T CLIPPER SATURN

2.  The M/T CLIPPER SATURN was a 199-meter, 37,366-gross ton ocean-going commercial vessel. The M/T CLIPPER SATURN transported commercial cargo into and out of the United States including the port of Houston, Texas. The vessel had a crew including, at various times, a Master, Chief Engineer, Second Engineer, Third Engineer, and two motormen ("Crew"). The crew acted on behalf of CLIPPER SHIPPING A.S., ("Defendant") carrying out activities on the vessel to ensure the vessel was able to operate and carry cargo throughout the world. All of the actions taken by Defendant as described in this Information were done by agents of Defendant with the intent, at least in part, to benefit Defendant. During the relevant time frames, the Vessel's

1

then Chief Engineer was in charge of the engineering department, supervising engineering personnel, and responsible for the proper disposal of oily waste generated in the engine room. The Chief Engineer was a person in charge of operations in the engine room and thus required to make timely appropriate entries in the Oil Record Book ("ORB").

3. On vessels like the M/T CLIPPER SATURN, oily engine room waste, including machinery space bilge water, is generated on a regular basis. Oily mixture means a mixture, in any form, with oil content. Machinery space bilge water refers to oil and water that drips and leaks from machinery and mechanical systems and accumulates in the bilge, which is the bottom-most portion of the engine room. Machinery space bilge water is also known as "oily bilge water" and is defined in 33 C.F.R. § 151.05 as "water which may be contaminated by oil resulting from things such as leakage or maintenance work in machinery spaces. Any liquid entering the bilge system including bilge wells, bilge piping, tank tops or bilge holding tanks is considered oily bilge water."

4. Machinery space bilge water can only be disposed of in two manners: (1) it may be processed through the onboard Oily Water Separator ("OWS") and Oil Content Monitor ("OCM") resulting in an overboard discharge of water with no more than 15 parts per million ("ppm") of oil, or (2) it may be disposed of to a barge or other shore-based disposal facility. Prior to processing or disposal, machinery space bilge water must be transferred to, and stored in, the vessel's bilge water holding tank.

5. All disposals and transfers of bilge water, including the use of the OWS or transfer to a shore-based facility, must be recorded by the person or persons in charge of those operations in the vessel's ORB. The Chief Engineer on the M/T CLIPPER SATURN was the person in charge of these operations and required to make accurate entries in the vessel's ORB.

LEGAL BACKGROUND

6. The United States is part of an international regime that regulates the discharge of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (together "MARPOL"). MARPOL is embodied in agreements that the United States has ratified and has been implemented in the United States by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901 et seq. APPS makes it a crime for any person to knowingly violate MARPOL, APPS, or regulations promulgated under APPS. 33 U.S.C. § 1908. These regulations apply to all commercial vessels operating in the navigable waters of the United States or while in a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 U.S.C. § 1902(a)(1)(3).

7. MARPOL Annex I ("Regulations for the Prevention of Pollution by Oil") established international standards governing the treatment and disposal of oily mixtures generated from the machinery spaces of a vessel. Under MARPOL, machinery space bilge water may be discharged overboard into the ocean only if it does not exceed 15 ppm of oil and the ship has in operation required pollution prevention equipment. This equipment includes: an oil filter, known as an OWS; an alarm, known as an OCM; and an automatic stopping device, known as a Three-Way Valve. This equipment prevents the discharge of machinery space waste containing more than 15 ppm oil, the maximum legally-permitted concentration of oil in the dischargeable mixture.

8. Consistent with the requirements contained in MARPOL, APPS regulations require that vessels such as the M/T CLIPPER SATURN maintain a record known as an ORB in which the disposal, transfer, and discharge overboard of machinery space bilge water must be recorded. 33 C.F.R. § 151.25(d). Discharges from the machinery spaces must be fully and accurately

recorded in the ORB without delay by the person in charge of the operations. 33 C.F.R. § 151.25(d) and (h). The ORB also must record any emergency, accidental, or other exceptional discharges of oil or oily mixtures, including a statement of the circumstances, and reasons for, the discharge. 33 C.F.R. § 151.25(g). The ORB must be maintained aboard the vessel for not less than three years, and be readily available for inspection at all reasonable times. MARPOL Annex I, regulation 17(6); 33 C.F.R. § 151.25(i). According to 33 C.F.R. § 151.25(j), "[t]he master or other person having charge of a ship required to keep an Oil Record Book shall be responsible for the maintenance of such record." Other members of the ship's crew, including the then Chief Engineer, may aid and abet and cause the vessel master's failure to maintain an accurate ORB under 18 U.S.C. § 2, and therefore be charged as a principal.

9. The U.S. Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under Title 14, United States Code, Section 522(a) to board vessels and conduct inspections and investigations of potential violations and to determine compliance with MARPOL, APPS, and related regulations. In conducting inspections, U.S. Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in ORBs. The U.S. Coast Guard is specifically authorized to examine a vessel and its ORB for compliance with MARPOL and APPS. 33 U.S.C. § 1907(d); 33 C.F.R. § 151.23(a)(3) and (c).

CHARGE

10. On or about October 28, 2021, in the Port of Houston, Texas, and within the Southern District of Texas, and elsewhere, CLIPPER SHIPPING A.S., through the actions of its employees and agents, did knowingly fail to accurately maintain an ORB for the M/T CLIPPER SATURN in which quantities of machinery space bilge water, and the discharge and disposal of

machinery space bilge water, were fully and accurately recorded, as required. Specifically, the ORB failed to contain properly recorded entries regarding discharges of machinery space bilge water that had not been processed by the OWS and OCM and that were not discharged to a shore-based facility or barge, occurring on or about September 27 and October 1, 2021, while in anchorage off the coast of Lomé, Togo.

All in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Section 151.25(a), (d), (g) (h), and (j).

ALAMADAR S. HAMDANI
United States Attorney
Southern District of Texas

STEVEN SCHAMMEL
Assistant United States Attorney

KENNETH E. NELSON
Senior Trial Attorney
Environmental Crimes Section
Department of Justice