Case 4:23-cr-00151   Document 22   Filed on 08/21/23 in TXSD   Page 1 of 5

AO 245E (Rev. 12/03)   Judgment in a Criminal Case for Organizational Defendants
Sheet 1

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### Holding Session in Houston

UNITED STATES OF AMERICA

v.

**CLIPPER SHIPPING A.S.**

**JUDGMENT IN A CRIMINAL CASE**
(For Organizational Defendants)

**CASE NUMBER: 4:23CR00151-001**

**USM NUMBER: None**

Philip Harlan Hilder
Defendant Organization's Attorney

**THE DEFENDANT ORGANIZATION:**

☒ pleaded guilty to count(s) 1 on July 6, 2023.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 33 U.S.C. § 1908(a) and 33 C.F.R. § 15125(a), (d), (g), (h), and (j) | Knowing failure to accurately maintain an Oil Record Boon on the Motor Tanker Clipper Saturn | 10/28/2021 | 1 |

☐ See Additional Counts of Conviction.

The organizational defendant is sentenced as provided in pages 2 through 5 of this judgment.

☐ The organizational defendant has been found not guilty on count(s) _____

☐ Count(s) _____ dismissed on the motion of the United States.

It is ordered that the organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.: Not Applicable

Defendant Organization's Principal Business Address:
Stavanger, Norway

Defendant Organization's Mailing Address:
Stavanger, Norway

July 6, 2023
Date of Imposition of Judgment

*/s/ Alfred H. Bennett*
Signature of Judge

**ALFRED H. BENNETT**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

August 21, 2023
Date

Judgment — Page 2 of 5

DEFENDANT ORGANIZATION: **CLIPPER SHIPPING A.S.**
CASE NUMBER: **4:23CR00151-001**

# PROBATION

The defendant organization is hereby sentenced to probation for a term of: 4 years.
This term consists of FOUR (4) YEARS as to Count 1.

☐ See Additional Probation Terms.

## MANDATORY CONDITIONS

The defendant organization must not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

Case 4:23-cr-00151   Document 22   Filed on 08/21/23 in TXSD   Page 3 of 5
AO 245E (Rev. 12/03)    Judgment in a Criminal Case for Organizational Defendants
                        Sheet 2D – Probation

Judgment — Page 3 of 5

DEFENDANT ORGANIZATION:   **CLIPPER SHIPPING A.S.**
CASE NUMBER:   **4:23CR00151-001**

# SPECIAL CONDITIONS OF SUPERVISION

Pursuant to Attachment A of the Plea Agreement, the Court imposed the Environmental Compliance Plan agreed to by the parties:

The following standards and requirements for an ENVIRONMENTAL COMPLIANCE PLAN ("ECP") have been prepared pursuant to the Plea Agreement between CLIPPER SHIPPING A.S. (hereinafter "CLIPPER") and the UNITED STATES OF AMERICA (hereinafter the "United States" or the "Government")[1] filed in the United States District Court for the Southern District of Texas. Compliance with all of the standards and requirements of the ECP is an essential term of the Plea Agreement and constitutes a special condition of probation.

The ECP includes various provisions to ensure that all vessels listed in this ECP ("Covered Vessels") comply with all applicable maritime environmental requirements established under applicable international, flag state, and port state laws, including, but not limited to the International Convention for the Safety of Life at Sea ("SOLAS"), the International Safety Management ("ISM") Code, the International Convention for Prevention of Pollution from Ships ("MARPOL"), and all applicable Federal and state statutes and regulations, including, but not limited to, the Ports and Waterways Safety Act ("PWSA"), the Act to Prevent Pollution from Ships ("APPS"), the Clean Water Act ("CWA"), and the Oil Pollution Act of 1990 ("OPA 90"), and with the requirements of this ECP. Among the requirements of the ECP are auditing requirements and a Court Appointed Monitor. The Monitor requirement is merited to detect and prevent potential future conduct of the nature described in the Information, the involvement of a shipboard officer in such conduct, and to minimize risk of such future conduct absent an improvement of internal controls. It is further merited by the difficulty law enforcement, regulators, and the probation office encounter in exercising adequate oversight of ocean-going vessels.

The auditing requirements of the ECP apply to the Covered Vessels. CLIPPER will ensure that appropriate contracts are in place with the operator(s) of the Covered Vessels to ensure the vessels are available for auditing. The Covered Vessels are: Clipper Jupiter (IMO #9699505), Clipper Mars (IMO #9377078), Clipper Moon (IMO #9253820), Clipper Neptune (IMO #9372432), Clipper Orion (IMO #9372420), Clipper Saturn (IMO #9699517), Clipper Sky (IMO #9277943), Clipper Star (IMO #9247807), and Clipper Venus (IMO #9731042).

Any Covered Vessel that is sold in a bona fide arms-length transaction and has also changed its operation/management company will be excluded as a Covered Vessel. CLIPPER shall notify the Interested Parties of any change in name, flag of registry, recognized organization, ownership, or class society of any Covered Vessel.

The remainder of the ECP is incorporated into the special conditions of probation by way of Attachment A of the Plea Agreement.

---

[1] The term United States includes the U.S. Attorney's Office for the Southern District of Texas and the Environmental Crimes Section of the U.S. Department of Justice. The United States, together with the U.S. Probation Office for the Southern District of Texas and the U.S. Coast Guard Office of Casualty Investigations & Analysis, are collectively referred to as the "Interested Parties."

Judgment — Page 4 of 5

DEFENDANT ORGANIZATION: **CLIPPER SHIPPING A.S.**
CASE NUMBER: 4:23CR00151-001

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $400 | $1,500,000 | $ |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case for Organizational Defendants (AO 245F)* will be entered after such determination.

☐ The defendant organization must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  | $ | $ |  |

☐ See Additional Restitution Payees.

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $_____

☒ The defendant organization must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT ORGANIZATION: **CLIPPER SHIPPING A.S.**
CASE NUMBER: **4:23CR00151-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant organization's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance with ☐ C or ☐ D below; or

B ☒ Payment to begin immediately (may be combined with ☐ C or ☒ D below); or

C ☐ Payment in equal _____ installments of $ _____ over a period of _____,
to commence _____ after the date of this judgment; or

D ☒ Special instructions regarding the payment of criminal monetary penalties:

    Payable to:   Clerk, U.S. District Court
                    Attn: Finance
                    P.O. Box 61010
                    Houston, TX 77208

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**            **Joint and Several**      **Corresponding Payee,**
**(including defendant number)**        **Total Amount**      **Amount**      **if appropriate**

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.